# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY CHARLES BOWLIN, II,<br><br>    Petitioner,<br><br>    v.<br><br>C. CHRONES, WARDEN,<br><br>    Respondent.<br>_____/ | CV F   06-1361 LJO DLB HC<br><br>ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS, ADOPTING FINDINGS AND RECOMMENDATION, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>[Doc. 26] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on September 28, 2006, and a first amended petition on November 9, 2006. (Court Docs. 1, 7.) Respondent filed an answer to the petition January 19, 2007. (Court Doc. 13.) Petitioner did not file a traverse. On August 13, 1008, Magistrate Judge Beck issued a Findings and Recommendation to deny the petition on the merits. (Court Doc. 26.)

On November 3, 2008, Petitioner filed objections to the recommendation, along with a separate motion to stay the proceedings pending exhaustion of new claims in state court. (Court Docs. 29, 30.)

I.   <u>Motion for Stay Pending Exhaustion of New Claims</u>

Under Rule 15(a), once a responsive pleading has been filed, petitioner must seek leave of court before being allowed to amend. Fed. R. Civ. P. 15(a); <u>see also</u> <u>Anthony v. Cambra</u>, 236

1

1  F.3d 568, 577 (9th Cir. 2000). "Although, under the rule, 'leave shall be freely given when justice
2  so requires,' the district court may consider whether there is any evidence of 'undue delay, bad
3  faith or dilatory motive' with respect to the filing of the amendment when determining whether
4  leave should be granted." (Id.) Because Respondent has filed an answer and the Court has issued
5  a recommendation to deny the petition on the merits, Petitioner must seek leave to amend the
6  petition at this time.

7        Petitioner has not demonstrated sufficient cause to warrant a stay of the instant petition to
8  exhaust new claims for future amendment. Petitioner filed his original petition on September 28,
9  2006, over two years ago. The original petition has already been fully briefed, and addressed on
10 the merits. Petitioner did not include the claims he now seeks to add in the original petition, nor
11 did he attempt to include the new claims. Respondent would be prejudiced by having to brief the
12 new claims, at this juncture. Petitioner has waited over two years after filing the instant action,
13 and after the Court has recommended to deny the petition on the merits, before filing a request to
14 stay the proceeding to exhaust new claims. Petitioner provides no reason for not seeking to raise
15 or exhaust these claims earlier. As the Ninth Circuit stated in Anthony v. Cambra, 236 F.3d at
16 577, it is within the court's discretion to deny leave to amend if petitioner, without explanation,
17 waits several years or several months before filing his proposed amendment. Petitioner has not
18 proceeded with reasonable diligence.

19       Further, any future amendment would be time barred. The requested amendment is
20 untimely under the limitations period of 28 U.S.C. § 2244(d)(1) and does not relate back to the
21 original petition under Rule 15(c)(2) of the Federal Rules of Civil Procedure. Petitioner filed the
22 original petition on September 28, 2006, and the amended petition on November 9, 2006, two
23 years ago. Petitioner did not include the claims he now seeks to add, nor did he attempt to
24 include those claims. Petitioner seeks to exhaust four new claims: (1) the trial court imposed an
25 illegal enhancement; (2) the sentencing judge was biased; (3) imposition of a consecutive
26 sentence in violation of Blockburger v. U.S., 284 U.S. 299 (1932); and (4) ineffective assistance
27 of counsel for failure to challenge the adequacy of the video evidence. Under Rule 15(c)(2), an
28 amendment of a pleading relates back to the date of the original pleading when "the claim or

defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Relation Back under Rule 15(c)(2) is allowed when the added claims arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in "both time and type" from the originally raised episodes. Mayle v. Felix, 125 S.Ct. 2562 (2005). The central policy of Rule 15(c) is to ensure "that the non-moving party has sufficient notice of the facts and claims giving rise to the proposed amendment." Anthony v. Cambra, 236 F.3d 568, 576 (9th Cir.2000). Respondent was not given prior notice of these new claims or of Petitioner's intent to raise them. The new claims arise from a different set of facts and conduct than the claims asserted in the original pleading. Therefore, the amendment does not relate back to the original pleading. See Mayle, 125 S.Ct. at 2574; Anthony, 236 F.3d at 576-577; United States v. Craycraft, 167 F.3d 451 (8th Cir.1999); United States v. Duffus, 174 F.3d 333 (3rd Cir.1999). Because the limitations period is not tolled for the time a habeas petition is pending in federal court, see Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001), and this action has been pending for a year and three months, the limitations period of 28 U.S.C. § 2244(d)(1) has long ago expired. The proposed amendment is therefore untimely and must be denied.

II.     Findings and Recommendations

On August 13, 2008, the Magistrate Judge issued Findings and Recommendation that the Petition for Writ of Habeas Corpus be DENIED. This Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On November 3, 2008, Petitioner filed timely objections to the Findings and Recommendation.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay the proceedings is DENIED;
2. The Findings and Recommendation issued August 13, 2008, is ADOPTED IN FULL;
3. The Petition for Writ of Habeas Corpus is DENIED; and,
4. The Clerk of the Court is DIRECTED to enter judgment in favor of Respondent.

IT IS SO ORDERED.

**Dated:   November 7, 2008**                          /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE